IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA

VS.                              CRIMINAL NO. 4:99CR22TSL-JSC
                                 CIVIL ACTION NO. 4:08CV121TSL-JCS

GABRIEL GERVASE HAIRSTON

ORDER

This cause is before the court on the motion of defendant Gabriel Gervase Hairston for relief pursuant to 28 U.S.C. § 2255. The government opposes the motion, and the court, having examined the parties' memoranda as well as the record in this case, concludes that the motion is not well taken and should be denied.

On March 3, 2000, Hairston pled guilty to one count of possession with intent to distribute more than 50 grams of cocaine base, a violation of 21 U.S.C. § 841(a)(1). On May 12, 2000, the court sentenced him to 210 months' imprisonment to be followed by five years of supervised release. This sentence was ordered to run consecutively to a sentence imposed by Judge William Henry Barbour wherein Hairston was sentenced to a term of imprisonment following the revocation of his term of supervised release. No appeal of the sentence imposed in this case was filed.

On August 25, 2008, defendant filed his first and only § 2255 motion, asserting that the motion was timely because the

Supreme Court's decision in Kimbrough v. United States, 128 S. Ct. 558, 169 L. Ed. 2d 481(2007), "reset the clock for the 1-year period from the date of the Supreme Court decision." By its response, the government takes the position that the motion is untimely inasmuch as the Supreme Court did not declare a new rule applicable to cases on collateral review in Kimbrough. The court agrees and finds that defendant's motion should be denied as untimely.

> Title 28, § 2255 provides, in pertinent part that,
>
> 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final; [or] . . .
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . .

Generally, a § 2255 motion which is not filed within one year from the date that the conviction became final is time-barred. United States v. Flores, 135 F.3d 1000, 1006 (5th Cir. 1998). Here, Hairston's petition became final on or about September 11, 2000, ten days following the entry of his guilty plea. United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (judgment becomes final when the applicable period for seeking review of a final conviction has expired); see Rules 4(b) and 26 of Federal

2

Rules of Appellate Procedure. Thus, Hairston had until September 11, 2001, in which to file a timely motion under § 2255, and he failed to do so. Accordingly, as the motion was not timely filed, it must be dismissed.

For his part, Hairston argues, without citation to authority, that, pursuant to § 2255(3), the one-year statute of limitation began to run anew on December 10, 2007, the date on which the Supreme Court announced its decision in Kimbrough v. United States, 128 S. Ct. 558, 169 L. Ed. 2d 481(2007) (holding that cocaine guidelines were advisory only and were not mandated by Congress). However, as the government correctly points out, Kimbrough did not announce a new rule of law, but rather it simply reiterated the Court's holding in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), that the guidelines are advisory. As the Fifth Circuit has ruled that Booker is not retroactive on collateral review for purposes of post-conviction relief under § 2255, it follows that Kimbrough is also not to be applied retroactively on collateral review. See United States v. Gentry, 432 F.3d 600, 604 (5th Cir. 2005) ("Booker does not apply retroactively to initial § 2255 motions . . . we hold that Booker does not apply retroactively"). Because Kimbrough did not recognize a new right and has not been made retroactively applicable on collateral review, defendant's motion filed almost seven years after his conviction became final is

3

untimely and must be dismissed.

Based on the foregoing, it is ordered that defendant's § 2255 motion is denied.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this the 8th day of December, 2008.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE